[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1616
The petitioner brings this petition for a writ of habeas corpus alleging that he was given a disciplinary report for failing to respond to a direct order. He complains that as a member of a ten-man work detail under the supervision of Correctional Officer Matthew Poehler, he was engaged in shoveling snow from the sidewalks of the inner compound when Poehler took the other nine men to obtain brooms leaving him alone to shovel snow. Because he was frozen and couldn't do it any longer he returned to his dormitory. He testified that others had been able to quit an assigned work detail without sanctions but that Poehler came to the dormitory to order him back to the work detail. He told the officer that he couldn't do it because it was too cold and his back and arthritis for which he was receiving treatment was too painful. He received an advocate, Dennis Manuilou and an investigator, Marinelli, and had a hearing before Lt. S. Vanderhoven. He claimed the advocate did not speak for him and the hearing officer found him guilty and that he received 10 days punitive segregation, 60 days loss of good time and 30 days loss of recreation.
Correctional Officer Poehler testified that he was assigned to supervise a 10-man crew to clean snow off of walks in the inner compound and although this was his first day assigned to supervise this detail, that he was familiar with the inmates so assigned. He took part of the group to get brooms which was about forty feet away in a utility shed. When he returned the petitioner had laid his shovel down and apparently went to his dormitory. He picked up the shovel which could be used by anyone as a weapon and found the petitioner in the day room drinking coffee. He told him that he must return to the detail and that it was a direct order for which he would receive a disciplinary report if he failed to follow it. The petitioner told him it was too cold and he refused to continue. Poehler wrote up a disciplinary report.
The Disciplinary Report, Respondent's Exhibit A, demonstrates that the petitioner had complained in November about sore knees that were worst in cold weather. The nurse's report on January 14, 1999 indicated that this complaint would not limit the petitioner from work in cold weather.
The petitioner admitted that he had requested this classification in November of 1998 and was told that there was a CT Page 1617 waiting list of about six months. See Petitioner's Exhibit 2. He started working six days per week starting in November of 1998. He did not ask for medical attention on January 14, 1999 nor for any witnesses to corroborate the sequence of the events.
The court is not warranted in setting aside the decisions of prison administrators that have some basis in fact,Superintendent v. Hill, 472 U.S. 445, 456, particularly where the sanction imposed is commensurate with the violation found. The petitioner having failed to satisfy his burden of proof as to failure of due process, the petition must be denied.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee